# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No.: 3:10CR89/MCR

YANCEY JACK GARRINGER,

      Defendant.

_____/

## ORDER

The defendant was convicted on November 17, 2010, of a number of drug-trafficking crimes.  At the sentencing hearing on March 30, 2011, counsel for the defendant provided the court with a document prepared by the defendant, styled "Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. 2241."  In the document, the defendant complains that he has been unlawfully detained since July 12, 2010,[1] and argues that he was subjected to an illegal search and seizure, illegal arrest, ineffective assistance of counsel, and inadequate access to counsel and legal materials.  The clerk entered the document in the criminal action as a notice of appeal from the final judgment of conviction and commitment but made reference in the docket entry to the fact that the document also was being treated as a separate § 2241 civil matter (*see* doc. 87).[2]  The reference in the criminal docket entry to the civil habeas corpus petition has created confusion.  Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, therefore, the court directs the clerk to vacate docket entry 87 and enter the document *nunc pro tunc* as a notice of appeal from

---

[1] According to the Arrest Warrant, however, the defendant was not arrested until August 5, 2010.

[2] A separate civil habeas corpus action, bearing case number 3:11cv174/MCR/CJK, was commenced the same day.

the judgment of conviction (doc. 85), retroactively filed on April 11, 2011, with no reference to the civil habeas corpus petition.

DONE AND ORDERED this 18th day of May, 2011.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**