IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:10cr89/MCR/EMT
                3:13cv363/MCR/EMT

YANCEY JACK GARRINGER

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Amended Motion by a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence under § 2255 and supporting memorandum of law (ECF No. 154). The Government filed a response (ECF No. 159), and Defendant filed a reply (ECF No. 161). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

# PROCEDURAL BACKGROUND[1]

Defendant was charged in a six-count indictment with conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii) ("Count One"); three counts of knowingly and intentionally distributing and possessing with intent to distribute an indeterminate amount of cocaine on three dates certain in violation of 21 U.S.C. § 841(b)(1)(C) ("Counts Two through Four"); possession with intent to distribute five hundred (500) grams or more of cocaine on a date certain in violation of 21 U.S.C. § 841(b)(1)(B)(ii) ("Count Five"); and using, carrying, and possessing a firearm during and in relation to a drug trafficking crime ("Count Six") (ECF No. 14).  Randall Lockhart from the Office of the Federal Public Defender was appointed to represent Defendant (ECF No. 13).

The original trial date, October 4, 2010, was continued upon defense motion in order to allow counsel time for more meaningful consultation with his client (*see* ECF Nos. 20, 21, 22).  A change of plea hearing was held on October 22, 2010, at which time Defendant declined to enter a plea (*see* ECF Nos. 27–28).  On November 9, 2010, the defense moved to suppress the cocaine and firearm seized from the glove compartment of the vehicle Defendant was driving at the time of his arrest, as well as the statement he made to law enforcement after the seizure of the cocaine and firearm  (ECF No. 32).  Both Defendant's motion and the Government's response acknowledged that a Global-Positioning-System ("GPS") tracker had been placed on Defendant's vehicle five days prior to the stop (ECF Nos. 32, 36).  The court held a

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Second Final Presentence Investigation Report as well as the Government's response to the instant motion and will be set forth herein only as necessary (ECF Nos. 64, 159) .

Case Nos.: 3:10cr89/MCR/EMT; 3:13cv363/MCR/EMT

Page 3 of 19

hearing on the motion to suppress immediately preceding jury selection on the first day of trial (*see* ECF Nos. 38, 110). After considering testimony and argument, the court denied the motion, and Defendant proceeded to trial (*see* ECF No. 45). On the third day of the proceedings, the jury returned a verdict of guilty as to Counts One, Three, Four, Five, and Six (ECF No. 50). It did not reach a verdict as to Count Two (*i.d.*).

The Probation Office prepared multiple versions of Defendant's Presentence Report. The Second Final Presentence Report, dated February 8, 2011, calculated Defendant's base offense level as 26 (ECF No. 64, PSR ¶ 52). Because there were no adjustments, his total offense level was also 26 (ECF No. 64, PSR ¶ 61). Defendant had no scorable criminal history points, so his criminal history category was I (ECF No. 64, PSR ¶67). The applicable advisory guidelines range was 63 to 78 months (ECF No. 64, PSR ¶ 99).

On February 14, 2011, at a hearing that was originally scheduled as a sentencing proceeding, the district court released attorney Randall Lockhart from representing Defendant due to conflicts with his client (ECF Nos. 67, 109). The court directed that a Faretta[2] hearing be conducted to determine whether Defendant could proceed pro se with or without standby counsel (ECF Nos. 67, 109). At the later hearing, which was held before then-Magistrate Judge Miles Davis, Defendant requested substitute counsel, and attorney Clinton Couch, Esq., was appointed to represent him on February 17, 2011 (*see* ECF Nos. 75, 103).

Represented by Mr. Couch, on March 30, 2011, Defendant was sentenced to concurrent terms of 63 months as to Counts One, Three, Four and Five, followed by

---

[2] Faretta v. California, 422 U.S. 806 (1975)

a consecutive term of 60-months imprisonment on Count Six (ECF Nos. 83, 85, 104).[3]

Defendant appealed, challenging the district court's denial of his motion for judgment of acquittal. The Eleventh Circuit Court of Appeal affirmed on April 5, 2012 (ECF No. 128).

Defendant timely filed his motion to vacate, set aside or correct sentence in June of 2013 (ECF No. 152). His amended motion to vacate, filed pursuant to court order, is presently before the court. In his amended motion, Defendant raises three grounds for relief. He claims that: (1) counsel was constitutionally ineffective for failing to raise a Fourth Amendment claim; (2) Defendant was factually innocent of violating §§ 841(b)(1)(A) or (b)(1)(B) because the drug quantity was neither charged in the indictment nor proven beyond a reasonable doubt; and (3) the district court lacked subject matter jurisdiction to convict Defendant of Count Six due to a defect in the indictment. The Government opposes the motion in its entirety.

---

[3] Defendant has an additional sentence to serve beyond the sentence in this case. In 2014, Defendant was charged with escape in the Northern District of Georgia, Case No. 1:14cr287/SCJ. He entered a guilty plea pursuant to a written agreement providing that the parties agreed to a specific sentence of twelve months and one day (N.D. Ga. Case 1:14cr287/SCJ, ECF No. 38-1). The court sentenced Defendant to the agreed-upon term to be served consecutively to the sentence imposed in this case (*see* N.D. Ga. Case 1:14cr287/SCJ, ECF Nos. 44, 58). Defendant's appeal challenging the court's subject matter jurisdiction and the Government's standing in the Georgia case is still pending (N.D. Ga. Case 1:14cr287/SCJ, ECF Nos. 47, 66). On August 9, 2015, this district court reduced Defendant's sentence slightly, to a term of 60 months on Counts One, Three, Four and Five, followed by a 60-month consecutive term on Count Six.

Case Nos.: 3:10cr89/MCR/EMT; 3:13cv363/MCR/EMT

## LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order

to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no

competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving

defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. See Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. See Winthrop–Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Defendant first contends that his conviction must be reversed because the Government admittedly installed a GPS device on his vehicle without a warrant in violation of the Fourth Amendment. Defendant asserts that trial and appellate counsel each failed to raise this issue and in this respect each was constitutionally ineffective.

When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, in order to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S. Ct. 2574, 2582–83, 91 L. Ed. 2d 305 (1986); Zakrzewski v. McDonough, 455 F.3d 1254, 1260 (11th Cir. 2006). Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded. Jones v. United States, 224 F.3d 1251, 1259 (11th Cir. 2000); Huynh v. King, 95 F.3d 1052, 1058–59 (11th Cir. 1996); Thomas v. Newsome, 821 F.2d 1550, 1552 (11th Cir. 1987); *see also* Ward v. Dretke, 420 F.3d 479, 488 (5th Cir. 2005).

At the commencement of the suppression hearing, defense counsel stated "[o]ne aspect of this, which the Court may anticipate that we're challenging, which we're actually not, is the placement of the GPS monitor on Mr. Garringer's vehicle. I've looked at that, for the record, the case law substantiated that it can be done. I'm not challenging that." (ECF No. 110 at 2). Testimony adduced at the hearing established that Defendant was observed driving his Mercedes to deliver cocaine on

July 3, 2010, and that four days later law enforcement placed the GPS tracking device on the exterior of the vehicle while it was parked in a public parking lot at Defendant's apartment complex (ECF No. 111 at 40–43). Law enforcement intended to conduct another controlled buy on July 9, 2010, two days after the installation of the GPS device (ECF No. 111 at 44).

Defendant is correct that the Supreme Court has held that attachment of a GPS tracking device to a vehicle is a search within the meaning of the Fourth Amendment. United States v. Jones, 132 S. Ct. 945 (2012). Jones, however, was not decided until January 23, 2012, during the pendency of Defendant's appeal. In July of 2010, when the GPS tracker was placed, circuit precedent provided that law enforcement only needed reasonable suspicion to support lawful installation of the device. *See* United States v. Michael, 645 F.2d 252, 257, 259 (5th Cir. 1981)[4]; *see also* United States v. Lewis, No. 12-600011-CR, 2012 WL 4838889, at *1–2 (S.D. Fla. Oct. 10, 2012) (approving warrantless installation and monitoring of a GPS tracking device based on reasonable suspicion where installation occurred prior to Supreme Court's decision in Jones, citing Michael, 645 F.2d at 252; also noting that Government had obtained a warrant upon learning that the Jones decision was imminent); United States v. Nelson, No. CR612-005, 2012 WL 3052914, at *2 (S.D. Ga. July 25, 2012) (finding no Fourth Amendment violation when GPS tracking device was placed, based on reasonable suspicion, and removed, before Supreme Court's Jones decision, citing Michael); United States v. Rosas-Illescas, 872 F. Supp. 2d 1320, 1326–27 (N.D. Ala. 2012) (approving warrantless placement of GPS tracking device based on

---

[4] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

reasonable suspicion, noting even if there was a Fourth Amendment violation, agents acted in good faith based on Michael, and suppression was not warranted). In Defendant's case, he had been observed driving the vehicle in question to deliver cocaine prior to placement of the GPS device and thus there was at least reasonable suspicion of his involvement in drug sales before the device was installed. Thus, Mr. Lockhart's assessment of the law at the time he filed the motion to suppress was correct, and he was not constitutionally ineffective for his decision not to challenge the placement of the GPS device on Defendant's vehicle.

Because law enforcement acted in good faith and in accordance with circuit precedent, even if there were a Fourth Amendment violation, suppression would not be appropriate. The Supreme Court has held that searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule, because "suppression would do nothing to deter police misconduct in those circumstances." Davis v. United States, 564 U.S. 229, 131 S. Ct. 2419, 2423–24 (2011); *see also* Herring v. United States, 555 U.S. 135, 144 (2009) ("To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system . . . But when the police act with an objectively reasonable good faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force and exclusion cannot pay its way."); United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012) (evidence seized in good-faith reliance on Eleventh Circuit precedent (later overturned by the Supreme Court) precluded exclusion of that evidence);

United States v. Owens, 445 F. App'x 248, 250–51 (11th Cir. 2011). Stated simply, there was no basis on which to exclude the evidence.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. Shere v. Sec'y Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008); *see* Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland, 466 U.S. at 687). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988); Reutter v. Secretary for Dept. of Corr., 232 F. App'x 914, 917 (11th Cir. 2007) (determining that counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments"). Of course, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit. Brown v. United States, 720 F.3d 1316, 1335 (11th Cir. 2013); Shere, 537 F.3d at 1311; United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). In this case, given that the placement of the GPS device without a warrant was lawful at the time of its placement, Defendant's Fourth

Amendment claim did not have merit.  As such, counsel was not constitutionally ineffective for failing to pursue this issue on appeal.

Ground Two

Defendant contends that he is actually and factually innocent of violating § 841(b)(1)(A) or (b)(1)(B) because the drug quantity required to establish a violation of these statutes was never charged in the indictment, submitted to the jury or proven beyond a reasonable doubt.  He further asserts that the district court increased his sentence using the "preponderance of the evidence" standard to determine drug quantity, resulting in a sentence in excess of the statutory maximum of the "catch-all provision" of § 841(b)(1)(C).  Defendant is mistaken.

As noted above, although Defendant was charged in Counts Two, Three and Four with possession with intent to distribute indeterminate amounts of cocaine in violation of 21 U.S.C. § 841(b)(1)(C), he was charged in Count Five with possession with intent to distribute five-hundred (500) grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii).  He was also charged, of course, in Count One with conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii) (ECF No. 14).  The jury was neither asked, nor required, to find a specific quantity of cocaine with respect to the § 841(b)(1)(C) charges in Counts Two, Three and Four.  As to Counts One and Five, however, upon a finding of guilt, the jury was specifically required to state whether it unanimously found Defendant responsible for either "500 grams or more of Cocaine" or "Less than 500 grams of Cocaine" (ECF No. 50 at 2, 3).  The jury made the former finding as to both charges.  This conclusion provided the basis for the threshold penalties of 21 U.S.C. § 841(b)(1)(B) to apply.  Any further factual

findings by the district court were properly made under the preponderance of the evidence standard.  *See, e.g.,* United States v. Barsoum, 763 F.3d 1321, 1333 (11th Cir. 2014) (government bears the burden of establishing challenged amount of drug quantity by a preponderance of the evidence); United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012) (citing United States v. Frazier, 89 F.3d 1501, 1506 (11th Cir. 1996); U.S.S.G. § 2D1.1 cmt n.12 (2011)).  The PSR calculated that Defendant was accountable for 1.433 kilograms of cocaine.  Neither this finding, nor the district court's acceptance thereof based on the record before it, was improper.  There was no error, and thus to the extent Defendant raises an ineffective assistance of counsel claim, counsel was not constitutionally ineffective for his failure to object, as counsel is not ineffective for failing to preserve or argue a meritless claim.  Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008)); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement).

Ground Three

Defendant last argues that the court did not have jurisdiction to adjudicate him guilty of the firearm charge in Count Six because it "failed to state an offense" under Bailey v. United States, 516 U.S. 137 (1995).  Defendant complains that the indictment improperly charged that he "did knowingly use, carry and possess a firearm," given that "using or carrying" and "possessing" are separately proscribed offenses under § 924(c).  Again, Defendant's argument ignores the jury's verdict.

Case Nos.: 3:10cr89/MCR/EMT; 3:13cv363/MCR/EMT

As an initial matter, the indictment properly identified the statute under which Defendant was charged.  *See* United States v. Haile, 685 F.3d 1211, 1217–18 (11th Cir. 2012) (indictment that specifically refers to the statute on which a charge is based and references statutory language adequately informs defendant of the charge; minor deficiencies do not automatically render it constitutionally deficient); United States v. Brown, 346 F. App'x 481, 488–89 (11th Cir. 2009) (finding that an indictment that "combined" both prongs of a § 924(c)(1)(A) offense did not render indictment invalid).  There was no error in the indictment.

Next, the jury instructions specified that in order to find Defendant guilty of Count Six, he must have "used and carried the firearm 'during and in relation to' or possessed the firearm 'in furtherance of' the drug-trafficking crime charged in Count One or Five" (ECF No. 44 at 17).  The instructions provided definitions for "use," "carry or possess," "use or carry a firearm in relation to," and "possessing a firearm in furtherance of" a crime (ECF No. 44 at 17–18).  The verdict form tracked the instructions.  In order to find Defendant guilty of Count Six, the jury had to indicate whether it found Defendant guilty of "using or carrying a firearm during and in relation to a drug-trafficking crime, as charged in the indictment" or "possessing a firearm in furtherance of a drug trafficking crime, as charged in the indictment" (ECF No. 50 at 3).  The jury marked the first of the two choices.[5]  In light of the court's instructions and the jury's finding, Defendant's argument that the indictment rendered "use" synonymous with "possession" is unfounded.  Counsel was not constitutionally

---

[5] The court notes that the two choices were separated only by a semicolon (rather than "and" or "or").

ineffective for his failure to raise this meritless argument before the district court, *see, e.g.,* Denson, *supra*, and Defendant is not entitled to relief.

### Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:10cr89/MCR/EMT; 3:13cv363/MCR/EMT

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The amended motion to vacate, set aside, or correct sentence (ECF No. 154) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

**DONE AND ORDERED** this 8th day of January 2016.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.